UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOVAN BROWN & ASSOCIATES LTD., <br> Plaintiff, <br> v. <br> JOHN DOES 1 AND 2, <br> Defendants. | Case No.: C 10-02704 PVT <br><br> **ORDER GRANTING IN PART AND DENYING IN PART GOVAN BROWN'S *EX PARTE* APPLICATION FOR AN ORDER TO CONDUCT DISCOVERY PURSUANT TO 28 U.S.C. SECTION 1782** <br><br> **[Docket No. 1]** |

Govan Brown & Associates Limited applies *ex parte* for an order to conduct discovery for use in a foreign proceeding pursuant to 28 U.S.C. Section 1782. ("Applicant" and/or "Govan Brown"). Specifically, applicant Govan Brown seeks to subpoena the Internet Protocol addresses ("IP addresses") for two electronic mail accounts. Non-party Google, Inc. is the electronic mail service provider for those two electronic mail accounts. ("non-party" and/or "Google"). On or about June 30, 2010, Google was served with application papers in the above-captioned action. *See* Proof of Service filed on July 2, 2010. (Docket No. 4). To date, no opposition, or other response, has been filed by Google. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that Govan Brown's *ex parte* application is granted in part and

denied in part as discussed below.[1]

Applicant Govan Brown is a privately-owned construction management company located in Toronto, Canada. Brown Decl., ¶¶ 1, 3. Its clients include the government, governmental-related agencies, and large public and private corporations. *Id.* Because the industry is a closely-knit one and Govan Brown deals with many of the same people from project to project, its reputation is paramount to its success. Brown Decl., ¶ 5.

On October 11, 2009, an anonymous electronic mail (from the electronic mail address privateemailss@gmail.com) was sent to the police, the media, and other Govan Brown competitors regarding "OLG Fraud by Govan Brown." Brown Decl., ¶ 7. On October 13, 2009, a second anonymous electronic mail (from the same electronic mail address identified above) was sent regarding the same subject matter. Brown Decl., ¶ 11.

On November 19, 2009, an anonymous electronic mail (from the electronic mail address toddschmtz85@gmail.com) was sent from a person identified as Mrs. Hook to the president of Govan Brown. Brown Decl., ¶ 11. It merely stated: "Have a nice day." *Id.* Later that same day, a letter was sent to Fidelity Investments Canada stating that Govan Brown participated in price fixing and/or kick back schemes. *Id.*

Applicant Govan Brown alleges that the above-specified electronic mails circulated to the police, the media and other Govan Brown competitors as well as the letter sent to Fidelity Investments Canada contained false and defamatory statements, including claims, *inter alia,* that Govan Brown participated in fraudulent schemes, that Govan Brown is corrupt, that Govan Brown knowingly works with corrupt subcontractors, that Govan Brown charged or kept fees for non-existent work, and that Govan Brown bribed officials to obtain jobs and contracts. Brown Decl., ¶¶ 11-12. As a result of certain discovery efforts conducted in Canada, applicant Govan Brown was able to trace the source of the anonymous electronic mails to the two electronic mail addresses specified above.

Notwithstanding the above, applicant Govan Brown seeks an order to obtain the IP addresses

---

[1] The holding of this court is limited to the facts and particular circumstances underlying the present application.

1  for the following two electronic mail addresses: (1) privateemailss@gmail.com; and (2)

2  toddschmtz85@gmail.com from Google.  Govan Brown explains that once it obtains the IP

3  addresses for the two electronic mail accounts from Google, that information, in turn, will allow it to

4  determine the Internet Service Providers for the account holders.  Govan Brown further explains that

5  once the Internet Service Providers are identified, it will be able to initiate separate proceedings to

6  compel disclosure of the identities of the two email account holders.

7     28 U.S.C. § 1782 provides as follows:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.
>
> A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

*See* § 1782(a).  Litigants may seek relief under 28 U.S.C. § 1782 which provides the mechanism for foreign tribunals or interested persons to request assistance from a U.S. district court in conducting discovery for use in foreign proceedings.

   Section 1782 imposes three basic requirements: (1) the applicant must be a foreign tribunal or an "interested person"; (2) discovery must be for use in a proceeding before the foreign tribunal; and (3) application for discovery must be made in the district where the person from whom discovery is sought resides. *See Esses v. Hanania (In re Esses)*, 101 F.3d 873, 875 (2nd Cir. 1996). Courts have ascribed two goals to section 1782: first, it provides an efficient means for federal courts to assist foreign tribunals and litigants before such tribunals; second, it encourages foreign countries to provide similar assistance by setting an example.  *See, e.g., Euromepa v. R. Esmerian*, 154 F.3d 24, 28 (2nd Cir. 1998)*; In re Application of Malev Hungarian Airlines*, 964 F.2d 97, 100 (2nd Cir. 1992).  District courts have broad discretion to apply section 1782 to achieve these goals.

1  *See Four Pillars Enters. v. Avery Dennison Corp.*, 308 F. 3d 1075, 1078 (9th Cir. 2002).

2      Here, Govan Brown meets the three requirements imposed by Section 1782.  Govan Brown
3  appears to qualify as an "interested person."  And discovery is sought for use in proceedings in
4  Canada.  Thus, this court has the authority to order Google, which is located in this district, to
5  produce the requested discovery.  However, "a district court is not required to grant a §1782(a)
6  discovery application simply because it has the authority to do so."  *See Intel Corp. v. Advanced*
7  *Micro Devices, Inc.,* 542 U.S. 241, 264 (2004).

8      Factors courts consider in ruling on Section 1782(a) requests include, among other things,
9  "the character of the proceedings underway abroad, and the receptivity of the foreign government or
10  the court or agency abroad to U.S. federal-court judicial assistance."  *Ibid*.  Another consideration is
11  "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering
12  restrictions."  *Id*. at 265.  Thus, although the Supreme Court rejected any categorical foreign-
13  discoverability rule, it did indicate that foreign-discoverability may be considered by a court as a
14  matter of comity in deciding whether to grant discovery in particular cases.  *See Intel Corp. v.*
15  *Advanced Micro Devices, Inc.*, 542 U.S. at 243 ("comity and parity concerns may be legitimate
16  touchstones for a district court's exercise of discretion in particular cases").

17      In the present case, Govan Brown has shown that allowing the requested discovery is
18  warranted for the email address privateemailss@gmail.com only.  It has not shown that the
19  requested discovery is warranted for the second email address, toddschmtz85@gmail.com, which
20  merely stated "Have a nice day."  That the timing of the second email coincides with the date a letter
21  was sent to Fidelity Investments making defamatory statements regarding Govan Brown is
22  insufficient.  Applicant Govan Brown makes no factual showing that this statement alone could form
23  the basis for a cause of action under the laws of Canada.  Accordingly, Govan Brown's *ex parte*
24  application is granted in part and denied in part.  Govan Brown may serve a subpoena to non-party
25  Google for the IP address associated with the electronic mail account privateemailss@gmail.com.
26  However, Govan Brown may not subpoena non-party Google for the IP address associated with the
27  electronic mail  address toddschmtz85@gmail.com.  In the event, the IP address for the email
28  address toddschmtz85@gmail.com is the same as for the email address privateemailss@gmail.com,

1  however, non-party Google may disclose such information to Govan Brown.

2      IT IS SO ORDERED.

3  Dated:  August 6, 2010

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge